

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2004

# Salerno v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4088

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Salerno v. Comm Social Security" (2004). *2004 Decisions.* Paper 704.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/704

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-4088

_____

LINDA ELROD SALERNO,

Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 02-cv-01678 )
District Judge:  Honorable Robert J. Cindrich

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 11, 2004

Before:  NYGAARD, McKEE, and WEIS, Circuit Judges.

(Filed May 14, 2004)

_____

OPINION

_____

WEIS, Circuit Judge.

The claimant in this SSI Disability benefits case is a 54 year-old woman.

She worked in a delicatessen for a number of years until 1994 when she was discharged

because of a reduction in the store's work force. She then went to South Carolina where she worked in a cafeteria for about a year and returned to Pittsburgh and cared for her granddaughter from 1996 to 1998.

Claimant has been diagnosed with bronchial asthma/COPD, hypertension, hyperlipidemia, chest pains secondary to angina and chronic alcoholism. She applied for disability benefits in February 2000. After a hearing before an ALJ, the claim was denied. The Appeals Council vacated the unfavorable decision and remanded, essentially for re-evaluation of the medical evidence as to whether the claimant could perform "light" or only "sedentary" work.

A second hearing before the ALJ resulted in a denial once again. On this occasion, a medical expert, Dr. Daniel Nackley, who had not examined the claimant but was present during the hearing, opined that she was capable of performing "light" work. Observing that "the claimant is not highly credible," the ALJ also stated that the reduction of capability to light work as stated in Dr. Nackley's assessment, "is well supported by the objective medical evidence and the clearly credible functional limitations."

The Appeals Council affirmed and the claimant then filed an appeal in the United States District Court for the Western District of Pennsylvania.

The District Court carefully reviewed the record and its opinion discusses the medical evidence in detail. We see no need to repeat this analysis. Our independent review of the record leads us to agree with the assessment made by the District Court in

concluding that the ALJ's decision was supported by substantial evidence.

In her brief, the claimant suggest that this Court should adopt language in Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986), limiting the effect of a non-examining physician's report in establishing substantial evidence. We conclude that the Smith case is not applicable to the facts of the case before us. In addition, we do not read that opinion as being as sweeping as the claimant asserts.

We are satisfied that the District Court's very thorough opinion correctly decided the issues in this case. Consequently, we will affirm the judgment of the District Court.